IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ROMAN RAFAEL ARREDONDO,

        Petitioner,

v.

ROB PERSSON, Superintendent,
Oregon State Correctional Institution,

        Respondent.

Civil No. 6:13-cv-00431-AC

FINDINGS AND RECOMMENDATION

ANTHONY D. BORNSTEIN
Assistant Federal Public Defender
101 SW Main Street
Suite 1700
Portland, OR 97204

        Attorney for Petitioner

ELLEN F. ROSENBLUM
Attorney General
SAMUEL A. KUBERNICK
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR 97301

        Attorneys for Respondent

1 - FINDINGS AND RECOMMENDATION -

ACOSTA, Magistrate Judge.

Petitioner, an inmate at the Oregon State Correctional Institution, brings this habeas corpus action pursuant to 28 U.S.C. § 2254. For the reasons that follow, the Petition for Writ of Habeas Corpus (#1) should be DENIED.

## BACKGROUND

On May 16, 2005, a Yamhill County grand jury indicted Petitioner on charges of Rape in the First Degree (alleging sexual intercourse with a person incapable of consent by reason of physical helplessness), Sexual Abuse in the Second Degree, Contributing to the Sexual Delinquency of a Minor, and two counts of Furnishing Alcohol to a Person Under 21 Years of Age. On December 29, 2005, the grand jury indicted Petitioner on an additional charge of Rape in the First Degree, alleging sexual intercourse with a person incapable of consent by reason of mental incapacity.

The case was tried to a jury, who found Petitioner guilty on all counts alleged in the first indictment. The jury acquitted Petitioner on the count alleged in the second indictment. The trial judge sentenced Petitioner to a total of ten years of imprisonment.

Petitioner filed a direct appeal, raising a state evidentiary issue. The Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review. *State v. Arredondo*, 219 Or. App. 546, 183 P.3d 246, *rev. denied*, 345 Or. 175, 190 P.3d 1237 (2008).

Petitioner then filed a petition for state post-conviction relief ("PCR"). Following an evidentiary hearing, the PCR trial judge denied relief. Petitioner appealed, and once again the Oregon Court of Appeals affirmed without opinion and the Oregon Supreme Court denied review.

2 - FINDINGS AND RECOMMENDATION -

*Arredondo v. Belleque*, 250 Or. App. 144, 281 P.3d 685, *rev. denied*, 352 Or. 377, 290 P.3d 813 (2012).

On March 13, 2013, Petitioner filed his Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 in this Court. Petitioner alleges the following claims for relief:

> **Ground One:** Denial of Effective Assistance of Counsel in Violation of Sixth and Fourteenth Amendments to the United States Constitution.
> **Supporting Facts:** Trial counsel provided constitutionally ineffective assistance of counsel because trial counsel failed to (1) disclose to petitioner the maximum possible sentences which could be imposed upon him following convictions at trial; (2) impeach [a] prosecution witness . . . with prior inconsistent statements which would have undermined her credibility as a critical state witness in petitioner's trial; (3) file a motion in limine to exclude reference to petitioner's nickname "Outlaw" during his trial; (4) object, move to strike and move for a mistrial when the state introduced evidence from which the jury could improperly infer that petitioner sexually assaulted [the victim] because she exhibited an academic and mental health decline after the incident, exhibited mental signs of trauma and began to medicate for depression and anxiety; (5) impeach [a prosecution witness] with an inconsistent statement during cross-examination, and failed to object to the trial court's exclusion of this impeachment evidence at a later point in the trial; (6) object to particular testimony of prosecution witness Greg Graven on grounds that it was improper opinion evidence under OEC 701 as not being rationally based upon the perception of Officer Graven; and (7) move for a mistrial when the prosecution made improper, speculative comments during closing argument. The actions of trial counsel had a tendency to affect the result of the prosecution.
>
> **Ground Two:** Denial of Effective Assistance of Counsel in Violation of Sixth and Fourteenth Amendments to the United States Constitution.
> **Supporting Facts:** Trial counsel provided constitutionally ineffective assistance of counsel because trial counsel failed to: (1) voir dire prosecution witness, Officer Greg Graven, after he disclosed that a male juror walked up to him and said he had seen some snow on a Verizon truck and, later, while sitting in the back of the court room, a female juror told Graven she was surprised that there was not snow in McMinnville; (2) object to the prosecutor's failure to provide copies of police reports concerning a separate prosecution of petitioner's brother, Jose Arredondo, for sexual offenses against [a prosecution witness], in Yamhill County Circuit Case No. CR050281; and (3) ensure that State's Exhibit 2 and 10 were properly redacted to exclude references to petitioner's history of drug use and information from which

3 - FINDINGS AND RECOMMENDATION -

the jury could infer that petitioner had a criminal history, before submission of these exhibits to the jury.

In his Brief in Support of Petition for Writ of Habeas Corpus, Petitioner addresses only three of the above claims: (1) trial counsel's failure to conduct a proper impeachment of the state's case; (2) trial counsel's failure to move for exclusion at trial of the repeated references to Petitioner by his nickname, "Outlaw;" and (3) trial counsel's failure to move for a mistrial when the prosecutor impermissibly commented on Petitioner's facial expression and demeanor during closing argument. Petitioner also contends the cumulative impact from the instances of ineffective assistance of trial counsel warrant habeas relief.

Respondent argues Petitioner has not met his burden of proof on the claims alleged in the Petition but not addressed in his Brief. Respondent further argues that the state PCR court's decision denying relief on the three claims Petitioner did address is not contrary to or an unreasonable application of clearly established law and therefore is entitled to deference.

## LEGAL STANDARDS

Under 28 U.S.C. § 2254(d), an application for a writ of habeas corpus shall not be granted unless the adjudication on the merits in State court:

> (1) was contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Moreover, "a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C.

4 - FINDINGS AND RECOMMENDATION -

§ 2254(e)(1).

In *Williams v. Taylor*, 529 U.S. 362, 386-389 (2000), the Supreme Court construed this provision to require federal habeas courts to be highly deferential to the state court decisions under review. In *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398-1402 (2011), the Court reiterated the highly deferential nature of federal habeas review, and limited federal review "to the record that was before the state court that adjudicated the claim on the merits."

"'Clearly established Federal law' is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Lambert v. Blodgett*, 393 F.3d 943, 974 (9th Cir. 2004), *cert. denied*, 546 U.S. 963 (2005). An "unreasonable application" of clearly established federal law occurs when "the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Lambert*, 393 F.3d at 974.

"The state court's application of law must be objectively unreasonable." *Williams*, 529 U.S. at 411. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the state court decision applied clearly established federal law erroneously or incorrectly." *Woodford v. Visciotti*, 537 U.S. 19, 24-25 (2002) (internal citations omitted).

"[A] habeas court must determine what arguments or theories . . . could have supporte[d] the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court." *Pinholster*, 131 S. Ct. at 1402 (citing *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011)).

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington*, 131 S. Ct. at 786 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

Section 2254(d) is a "'guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal.'" *Hibbler v. Benedetti*, 693 F.3d 1140, 1148 (9th Cir. 2012) (quoting *Harrington*, 131 S. Ct. at 786) (other internal quotation omitted), *cert. denied*, 133 S. Ct. 1262 (2013). "'[T]he question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold.'" *Id.* at 1146 (quoting *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007)).

To prevail on a claim of ineffective assistance of counsel, a petitioner must show both (1) that the attorney's performance fell below an objective standard of reasonableness; and (2) that the performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687, 688 (1984). There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance, or what "might be considered sound trial strategy." *Strickland*, 466 U.S. at 689. Reasonableness is judged as of the time of counsel's conduct, not in hindsight. *Id.* at 689-90.

A federal court reviews a state court's application of *Strickland* for reasonableness, not for correctness. *Id.* The federal court does not ask "whether counsel's actions were reasonable" but "whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard." *Harrington*, 131 S. Ct. at 788. "Accordingly, a 'doubly deferential judicial review' applies to

*Strickland* claims rejected by the state court." *Id.* (quoting *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009)).

## DISCUSSION

### I.   Trial Counsel's Failure to Properly Impeach the State's Case

Petitioner contends trial counsel provided constitutionally ineffective assistance of counsel when she failed to properly impeach one of the state's witnesses. Petitioner alleges trial counsel failed to impeach the victim's cousin with a statement she allegedly made to another trial witness.

The victim's cousin testified during the state's case in chief that the victim did not consent to having sex with Petitioner and was confused about what had happened. Before the trial, defense counsel was aware that the victim's cousin made an out-of-court statement to another witness. Specifically, in a phone conversation a few days after the incident, when asked why the victim had a "rape kit done," the victim's cousin reportedly said that the victim "had done this before, that she was acting dumb and that she was trying to get attention." Trial Tr., Vol. II, pp. 377-78). When the other witness testified as a defense witness, trial counsel made an offer of proof, outside the jury's presence, of the cousin's out-of-court statement. Trial counsel stated she was offering the testimony to impeach the cousin's prior testimony.

> The trial judge ruled the testimony was not admissible. He explained his ruling:
>
> If anything, it's sort of an opinion outside of the courtroom, which does make it hearsay in a sense, but at the same time, it's an opinion about the credibility of another witness, which is an area that the Courts have repeatedly told us not to go into.

Trial Tr., Vol. II, p. 379. The judge added another "reason to [the ruling] is that I don't think [the out-of-court statement] impeaches a statement made previously by [the victim's cousin], or that

7 - FINDINGS AND RECOMMENDATION -

she wasn't confronted with that statement previously in her own testimony, to my recollection." *Id.* The judge excluded the testimony, and trial counsel did not thereafter attempt to re-call the victim's cousin to the stand.

Petitioner argued on direct appeal that the trial court "erred by excluding extrinsic evidence of [the cousin's] prior inconsistent statement," *i.e.*, the out-of-court statement described above. As noted, the Court of Appeals affirmed without opinion and the Supreme Court denied Petitioner's request for review, so the trial judge's decision is the last reasoned decision in state court on the inadmissibility of the statement. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803–04 (1991)

In the PCR trial court, Petitioner argued counsel provided constitutionally ineffective assistance by not confronting the victim's cousin during cross-examination, and also by not arguing that exclusion of the out-of-court statement violated Petitioner's Confrontation Clause rights. Addressing Petitioner's claims, trial counsel opined in an affidavit submitted to the PCR trial court:

> I did not engage in the correct procedure to impeach [the cousin's victim] with a prior inconsistent statement to [the other witness]. There was no reason not to recall [the victim's cousin] to clean up the procedural issues for impeachment, at least for the record. The court did exclude on other grounds [the other witness's] testimony regarding [the cousin's] statements to her.

Resp. Exh. 122, p.2.

The PCR trial court denied relief on this claim, finding as follows:

> Trial counsel was not inadequate for not recalling [the victim's cousin] in order to impeach her with her prior statement regarding the victim's behavior or motives. The trial court relied on multiple valid bases that such evidence was inadmissible, not just the order in which the impeachment testimony was presented in relation to [the cousin's] testimony.

8 - FINDINGS AND RECOMMENDATION -

Resp. Exh. 125, p. 5. The PCR court concluded Petitioner was not denied the right to assistance of counsel.

The PCR trial court's decision was not objectively unreasonable. As the trial judge ruled, and the PCR court recognized, the evidence in question was inadmissible for a number of reasons, including the fact that it did not impeach a statement made by the witness. As such, Petitioner cannot show that trial counsel was ineffective by not re-calling the victim's cousin to the stand or taking other actions in an attempt to get the evidence admitted. *See Styers v. Schriro*, 547 F.3d 1026, 1030 (9th Cir. 2008) (when claim of ineffective assistance of trial counsel is based on failure to file a particular motion, the petitioner must demonstrate that "had counsel so moved, there is [a] reasonable probability that the motion would have been granted") (citing *Strickland*, 466 U.S. at 695), *cert. denied*, 558 U.S. 932 (2009).

Moreover, even if Petitioner demonstrated that trial counsel performed deficiently, Petitioner has not established prejudice. In light of totality of the evidence against Petitioner, it is not reasonably probable that, even if the jury had heard testimony regarding the cousin's isolated statement made a few days after the rape, that a different result would have occurred. Accordingly, Petitioner is not entitled to habeas corpus relief on this claim.

**II.    Failure to Move to Exclude References to Petitioner's Nickname at Trial**

Petitioner also alleges trial counsel should have filed a motion in limine to exclude reference to Petitioner by his nickname "Outlaw" during trial. Petitioner contends counsel should have recognized that the nickname "Outlaw" would cause prejudice to Petitioner if used repeatedly and

as a wholly unnecessary substitute for his proper name. As such, Petitioner concludes trial counsel should have sought to limit the prosecutor's use and invocation of the nickname during trial.

In her affidavit submitted in the state PCR proceeding, Petitioner's trial attorney stated:

> Perhaps I should have filed a motion in limine to exclude reference to petitioner's nickname of "Outlaw." At the time of trial I did not think that it was important. Street names are not unusual. I do not know that it would have made any difference in this case, but in retrospect, it may have been a good idea to file such a motion.

Resp. Exh. 122, p. 2. Notwithstanding trial counsel's hindsight, the PCR trial judge rejected this claim:

> Trial counsel was not inadequate for not filing a motion in limine to exclude reference to petitioner's nickname, "Outlaw," during trial. Petitioner's nickname was relevant and admissible.

Resp. Exh. 125, p. 5.

The PCR trial court's decision was not objectively unreasonable. As Respondent argued before the PCR trial court and on appeal, the nickname was relevant because the victim testified that Petitioner was reluctant to tell her his real name the morning after the incident, first telling her his name was "Outlaw" and then saying, under his breath, that his name was "Ramon.[1]" Trial Tr., Vol. I, pp. 100-101, 141-196. Petitioner's brother, a defense witness at trial, also testified that he generally referred to Petitioner as "Outlaw" outside of the family. Trial Tr., Vol. I, p. 346. Finally, Petitioner's identity was an issue at trial, as there were a number of people present the night of the incident, and Petitioner was not apprehended for several weeks after the incident, during which time he left the state and cut his hair short. Trial Tr. Vol. II, pp. 361-63, 410-11.

---

[1] Petitioner told the victim his name was "Ramon," not Roman, which is his correct name.

10 - FINDINGS AND RECOMMENDATION -

Under the circumstances, the PCR trial court's finding that the nickname evidence was relevant and admissible was not objectively unreasonable. As such, the related conclusion that counsel was not ineffective in failing to move to exclude the evidence was also not unreasonable.

Moreover, Petitioner has not established prejudice resulting from counsel's failure to object to the use of his nickname at trial. Petitioner has not demonstrated that a motion *in limine* to exclude evidence of Petitioner's nickname would have likely succeeded. Furthermore, in light of the totality of evidence against him, Petitioner has not demonstrated a reasonable probability that the granting of such a motion would have resulted in a more favorable outcome in the entire case, *i.e.*, that if the nickname evidence had been excluded from trial, he would have been acquitted. Accordingly, Petitioner is not entitled to habeas corpus relief on the basis that counsel failed to object to the use and invocation of Petitioner's nickname during trial.

### III. Counsel's Failure to Move for a Mistrial Based on the Prosecutor's Closing Argument Remarks about Petitioner's Demeanor

Petitioner also alleges trial counsel provided constitutionally ineffective assistance because she should have moved for a mistrial when the prosecutor commented on Petitioner's facial expression and demeanor during closing argument. In his closing summation, the prosecutor made the following statements to the jury:

> Were any of you watching the defendant when [the victim] was here sobbing? He was smirking. He was looking angry at her like he might if she was wrongly accusing him of a crime he didn't do. He wasn't looking sorry for her, like he might if he felt some empathy for someone who was clearly emotionally upset about something. He was smirking at her. What kind of person smirks except for someone who got away with a sexual assault and thinks he's going to get away with it?

Tr. 470.

11 - FINDINGS AND RECOMMENDATION -

Petitioner argues the prosecutor's statements were improper because they made plain the prosecutor's personal opinion as to the true behavioral meaning that lay behind Petitioner's facial expression, because the prosecutor argued for a guilty verdict because the Petitioner was not facially exhibiting sympathy or empathy for the victim, and because the rhetorical question asking what type of person smirks except for someone who "thinks he [is] going to get away with it?" impermissibly injected the prosecutor's own conception of Petitioner's courtroom demeanor and thought process rather than the record evidence. Petitioner also argues this statement was an improper "duty" argument directing the jury to render a guilty verdict lest Petitioner "get away" with a sex crime, and an act of vouching for the state's case on the matter of guilt. Finally, Petitioner argues the prosecutor's closing argument destroyed the presumption of innocence by telling the jury that, at least thus far, Petitioner had gotten away with a sex crime.

Petitioner's trial attorney addressed the prosecutor's statements in an affidavit submitted to the PCR trial court:

> I did not move for a mistrial when the deputy district attorney referenced in closing argument petitioner's appearance and expressions during trial. The deputy district attorney's statements were true. Petitioner was sitting there smirking and making bodily gestures. I wrote him notes to telling him [sic] to stop doing that, and verbally reprimanded him to keep a neutral face and body posture. I did not think that the statements made [by] the deputy district attorney were objectionable. After all, the jury could have seen it themselves. The deputy district attorney made no reference to petitioner testifying or not testifying.

Resp. Exh. 122, pp. 2-3.

The PCR trial court rejected Petitioner's claim, finding as follows:

> The deputy district attorney's statements during closing argument were not objectionable. Trial counsel was not inadequate for failing to object to this aspect

of the state's closing argument. Nor did petitioner suffer any unfair prejudice as a result of these statements.

Resp. Exh. 125, p. 5.

The PCR trial court's denial of relief on this claim was not contrary to or an unreasonable application of clearly established federal law. In determining whether comments made by the prosecution in closing argument warrant reversal, the relevant inquiry is whether the prosecutor's remarks "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Donnelly v. DeChristorforo*, 416 U.S. 637, 643 (1974). "It is not enough that the prosecutor's remarks were undesirable or even universally condemned." *Darden v. Wainwright*, 477 U.S. 168, 181 (1986) (internal quotations omitted).

To establish a claim of ineffective assistance of counsel resulting from counsel's failure to object during closing argument, a petitioner must show that the prosecutor made an egregious statement, and that counsel failed to object. *United States v. Necoechea*, 986 F.2d 1273, 1281 (9th Cir. 1993). As the Ninth Circuit explained:

> Because many lawyers refrain from objecting during opening statement and closing argument, absent egregious misstatements, the failure to object during closing argument and opening statement is within the "wide range" of permissible professional legal conduct.

*Id.* (citing *Strickland*, 466 U.S. at 669).

The PCR judge found the deputy district attorney's statements were not objectionable, *i.e.*, that they were not plainly egregious. It was not objectively unreasonable for the PCR trial judge to reach this conclusion, especially given that the jurors could observe petitioner's demeanor and facial expressions and draw their own conclusions. Moreover, the trial court had provided

13 - FINDINGS AND RECOMMENDATION -

appropriate jury instructions on the manner in which the jury may consider attorneys' arguments and the jury is presumed to have followed those instructions. In any event, Petitioner cannot demonstrate that a mistrial motion likely would have been granted, or, alternatively, that if counsel had successfully objected, and the jury had been instructed to disregard the prosecutor's statements the jury likely would have acquitted Petitioner of the charges. *See Pinholster*, 131 S. Ct. at 1402 (to show prejudice, a habeas petitioner must show a "reasonable probability" of a different outcome at trial, which requires a "substantial, not just conceivable, likelihood of a different result") (internal quotations and citations omitted). Accordingly, Petitioner is not entitled to habeas corpus relief on this claim.

## IV.   Cumulative Error

Finally, Petitioner argues habeas corpus relief should be granted based upon the cumulative impact from the instances of alleged ineffective assistance of counsel discussed above. Because Petitioner has not demonstrated that his trial counsel rendered deficient performance in any regard, Petitioner's argument must be rejected. There can be no cumulative error where, as here, there is no constitutional error. *Mancuso v. Olivarez*, 292 F.3d 939, 957 (9th Cir. 2002).

## V.   Claims Not Addressed in Petitioner's Brief

As noted, Petitioner did not directly address the remaining grounds for relief in his Brief in Support of Petition for Writ of Habeas Corpus. Consequently, Petitioner has not met his burden of proof with respect to these claims. Notwithstanding this failure, the Court has reviewed Petitioner's unargued claims on the existing record and finds that they do not entitle him to habeas corpus relief.

## RECOMMENDATION

For these reasons, the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (#1) should be DENIED, and a judgment of DISMISSAL should be entered.

Because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability should be DENIED. *See* 28 U.S.C. § 2253(c)(2).

## SCHEDULING ORDER

The above Findings and Recommendation are referred to a United States District Judge for review. Objections, if any, are due June 5, 2015. If no objections are filed, review of the Findings and Recommendation will go under advisement that date.

A party may respond to another party's objections within 14 days after the objections are filed. If objections are filed, review of the Findings and Recommendation will go under advisement upon receipt of the response, or on the latest date for filing a response.

DATED this 20th day of May, 2015.

John V. Acosta
United States Magistrate Judge

15 - FINDINGS AND RECOMMENDATION\\Word.local.shares\Shares\Acosta Share\13-431arredondo0521f&r.wpd