IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**ROMAN RAFAEL ARREDONDO**,

    Petitioner,

v.

**ROB PERSSON**, Superintendent,
Oregon State Correctional Institution,

    Respondent.

Case No. 6:13-cv-00431-AC

**OPINION AND ORDER**

Anthony D. Bornstein, Assistant Federal Public Defender, 101 SW Main Street, Suite 1700, Portland, OR 97204. Of Attorneys for Petitioner.

Ellen F. Rosenblum, Attorney General, Samuel A. Kubernick, Assistant Attorney General, Department of Justice, 1162 Court Street NE, Salem, OR 97301. Of Attorneys for Respondent.

**Michael H. Simon, District Judge.**

    United States Magistrate Judge John V. Acosta issued Findings and Recommendations ("F&R") in this case on May 20, 2015. Dkt. 33. Judge Acosta recommended that the Petition for Writ of Habeas Corpus (Dkt. 1) be denied and the Court decline to issue a Certificate of Appealability ("COA") on the basis that Petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

PAGE 1 – OPINION AND ORDER

Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party files objections to a magistrate's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

For those portions of a magistrate's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review de novo magistrate's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate's recommendations for "clear error on the face of the record."

Plaintiff timely filed objections to the Findings and Recommendation (Dkt. 38), to which Defendant responded. Dkt. 39. Petitioner objects to the findings that the post-conviction relief ("PCR") trial court's conclusions that Petitioner's trial counsel did not provide ineffective assistance in the manner claimed by Petitioner were not "objectively unreasonable." Petitioner also objects to the findings that he has not established the requisite prejudice from the alleged errors by trial counsel. Petitioner further objects to the finding that the PCR trial court's conclusion that the deputy district attorney's comments in closing argument regarding

PAGE 2 – OPINION AND ORDER

Petitioner's facial expressions and conduct was not objectionable. Finally, Petitioner objects to the finding that there was no constitutional error, the recommendation that habeas relief should be denied, and the recommendation that a COA should not issue in this case.

## DISCUSSION

The Court has reviewed *de novo* the F&R, the briefing of the parties before Judge Acosta, the objections to the F&R, and the response thereto. As relevant here, under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a federal court considering a habeas application of a person in custody pursuant to the judgment of a state court may not grant that application with respect to any claim that was adjudicated on the merits in state court proceedings unless the state court adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. 2254(d)(1). The Supreme Court has determined that an "unreasonable" application of clearly established federal law for purposes of AEDPA must be "objectively unreasonable." *Williams v. Taylor*, 529 U.S. 362, 409 (2000).

Petitioner does not argue that his claims were not adjudicated on the merits in state proceedings or that the deference given to determinations in state proceedings does not apply to determinations of the state PCR trial judge who rendered the decision on the merits in this case. Petitioner instead objects to Judge Acosta's findings that the challenged determinations of the PCR trial judge were "objectively reasonable." With the exception of Petitioner's claim relating to comments made by the prosecutor in closing argument, discussed further below, the Court has reviewed and agrees with Judge Acosta's reasoning and conclusions that the remaining challenged determinations of the state PCR trial judge were not an objectively unreasonable application of clearly established federal law as determined by the U.S. Supreme Court.

PAGE 3 – OPINION AND ORDER

With regard to comments made by the prosecutor, Petitioner objects that the PCR trial judge's conclusion was both an objectively unreasonable application of and contrary to clearly established federal law. During closing argument in Petitioner's jury trial, the deputy district attorney commented on Petitioner's facial expressions and conduct and stated, "What kind of person smirks except for someone who got away with a sexual assault and thinks he's going to get away with it?" Petitioner argues that he received constitutionally-deficient assistance of counsel because his trial attorney did not object to this comment by the prosecutor or request a curative instruction be given to the jury. The PCR trial judge found that Petitioner's trial counsel's failure to object did not constitute ineffective assistance of counsel because "the deputy district attorney's statements during closing argument were not objectionable."

The Court is troubled by the PCR trial judge's conclusion that such comments are not objectionable. The Court notes that commenting on the demeanor of a non-testifying defendant has been found to be improper by most circuit courts that have addressed the issue. *See, e.g.*, *United States v. Mendoza*, 522 F.3d 482, 491 (5th Cir. 2008) (holding "that courtroom demeanor of a non-testifying criminal defendant is an improper subject for comment by a prosecuting attorney"); *United States v. Leal*, 75 F.3d 219, 225-226 (6th Cir. 1996) (same); *United States v. Gatto*, 995 F.2d 449, 455 (3rd Cir. 1993) (same); *United States v. Schuler*, 813 F.2d 978, 980-81 (9th Cir. 1987) (same); *United States v. Pearson*, 746 F.2d 787, 796 (11th Cir. 1984) (same); *United States v. Carroll*, 678 F.2d 1208, 1209-1210 (4th Cir. 1982) (same); *United States v. Wright*, 489 F.2d 1181, 1186 (D.C. Cir. 1973) (same).

The Ninth Circuit has found that such comments raise several issues, "including whether such remarks (1) introduce character evidence solely to prove guilt, (2) violate a defendant's fifth amendment right not to be convicted except on the basis of evidence adduced at trial, and

(3) violate fifth amendment rights by indirectly commenting on a defendant's failure to testify at trial." *Schuler*, 813 F.2d at 980. The Ninth Circuit noted that the Fifth Amendment "encompasses the right not to be convicted except on the basis of evidence adduced at trial" and found that comments regarding a defendant's off-the-stand behavior give the jury an incorrect impression that the defendant's conduct was evidence. *Id.* at 981. Relying on *Taylor v Kentucky*, 436 U.S. 478, 485 (1978), the Ninth Circuit held that "in the absence of a curative instruction from the court, a prosecutor's comment on a defendant's off-the-stand behavior constitutes a violation of the due process clause of the fifth amendment." *Id.*; *see also U.S. v. Martinez*, 502 F. App'x 677, 678 (9th Cir. 2012) (relying on *Schuler* and holding "that the government violated Appellant's Fifth Amendment right to be convicted solely on the evidence adduced at trial . . . by commenting in its closing argument on Appellant's demeanor in the courtroom" and reversing the conviction of the appellant). In *Schuler*, the Ninth Circuit further concluded that such comments may also impinge on a defendant's Fifth Amendment right not to testify, depending on the context of the comments. *Schuler*, 813 F.2d at 981.

      For purposes of habeas relief under AEDPA, however, holdings of federal circuit courts do not constitute clearly established federal law. The statute states, and the U.S. Supreme Court has emphasized, that to be considered clearly established federal law for purposes of AEDPA, the law must be established by the U.S. Supreme Court. *See, e.g.*, *Brumfield v. Cain*, 135 S.Ct. 2269, 2294 (2015) ("Clearly established Federal law for purposes of § 2254(d)(1) includes only the holdings, as opposed to the dicta, of [the Supreme] Court's decisions."). Petitioner does not cite, and the Court was unable to locate, any U.S. Supreme Court decision specifically holding that commenting on a defendant's courtroom demeanor is improper or a violation a defendant's Fifth Amendment rights. Accordingly, Petitioner fails to show that the PCR trial

judge's conclusion was an unreasonable application of or contrary to clearly established federal law under AEDPA.

Petitioner also objects to the recommendation that a COA not be issued in this case. A COA issues when the petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard for issuing a COA is whether "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Miller–El v. Cockrell*, 537 U.S. 322, 338 (2003). Although the Court has found that there is no clearly established U.S. Supreme Court law establishing that a prosecutor's comments on the courtroom demeanor of a defendant is a violation of the defendant's Fifth Amendment rights, the Supreme Court has held that "one accused of a crime is entitled to have his [or her] guilt or innocence determined solely on the basis of the evidence introduced at trial . . . ." *Taylor*, 436 U.S. at 485. The Ninth Circuit relied on *Taylor* in reaching the conclusion in *Schuler* that a prosecutor's comments regarding courtroom behavior constitute a Fifth Amendment violation. *Schuler*, 813 F.2d at 981. Because "reasonable jurists" could "debate" whether *Taylor* is sufficient to constitute clearly established federal law for purposes of Petitioner's claim that the prosecutor's comments in Petitioner's trial were objectionable and that Petitioner thus received ineffective assistance of counsel when his trial attorney did not object or request a curative instruction, the Court issues a COA for this claim.

## CONCLUSION

The court ADOPTS IN PART Judge Acosta's Findings and Recommendations (Dkt. 33), as supplemented herein. Petitioner's habeas corpus petition is DISMISSED. The Court issues a Certificate of Appealability pursuant to 28 U.S.C. § 2253(c)(2) on Petitioner's claim of ineffective assistance of counsel based on his trial court counsel's failure to object to the prosecutor's comments regarding Petitioner's courtroom behavior. The Court declines to issue a

PAGE 6 – OPINION AND ORDER

Certificate of Appealability on Petitioner's other claims because Petitioner has not made a substantial showing of the denial of a constitutional right.

**IT IS SO ORDERED.**

DATED this 18th day of August, 2015.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge
